■ In the Matter of STANLEY MILLER, Doing Business as SAM'S SERVICE STATION, Respondent, v DEPARTMENT OF MOTOR VEHICLES, Appellant. [650 NYS2d 494] —Spain, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 4, 1995 in Sullivan County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to dismiss an administrative proceeding initiated by respondent charging petitioner with violating provisions of the Vehicle and Traffic Law.

Petitioner operates an automobile repair business in Sullivan County. In March 1993, respondent served petitioner with a notice charging him with violating provisions of the Vehicle and Traffic Law in connection with repairs made to a certain automobile in 1992. A hearing on the 11 separate charges was commenced on April 26, 1993, but was subsequently adjourned on consent of the parties. On March 16, 1994, petitioner received a notice that the hearing would resume on April 19, 1994. Petitioner appeared at the hearing and moved to dismiss the proceeding on the basis that the delay in resuming the hearing was unreasonable and prejudicial; the Administrative Law Judge denied the motion. Upon petitioner's appeal of the denial of the motion, respondent found that there was no appealable issue and dismissed the appeal. Petitioner then commenced this CPLR article 78 proceeding seeking, *inter alia*, dismissal of the underlying administrative proceeding. In response, respondent moved to dismiss the petition asserting that the issue of adjudicatory delay was not ripe for judicial review. Supreme Court denied the motion to dismiss the petition and, instead, dismissed the administrative proceeding. Respondent appeals.

We reverse. A delay of one year, without further evidence of

irreparable harm or prejudice, does not warrant judicial intervention into an administrative proceeding (*see, Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 177). Here, petitioner's contention that he is severely prejudiced in defending this proceeding because two potential witnesses are now not available is unpersuasive. For example, it is unclear, based upon petitioner's conclusory submissions regarding the alleged "lost evidence", how the testimony of the two unavailable witnesses may have even remotely aided petitioner's defense of eight out of the 11 charges against him.

In our view, the record before us is insufficient to support a finding that the "administrative delay has significantly and irreparably handicapped [petitioner] in mounting a defense" (*supra*, at 180). Even an unreasonable delay in completing a hearing which results in substantial prejudice to a party cannot divest an administrative agency of jurisdiction to proceed with and complete the hearing (*see, Matter of Geary v Commissioner of Motor Vehicles of State of N. Y.*, 59 NY2d 950, 952). As the Court of Appeals has stated: "[A]bsent extraordinary circumstances, a court may not intervene in an administrative proceeding, for reason of adjudicatory delay, until a hearing has been held and an official order rendered. * * * It is within the province of the administrative agency, in the first instance, to determine upon a plenary hearing the cause of the delay, the interests implicated in the proceeding, and whether substantial prejudice to the [petitioner] has resulted from the administrative delay. * * * Judicial intervention prior to the rendition of a final administrative order is contraindicated by considerations of separation of powers * * * and ripeness" (*Matter of Cortlandt Nursing Home v Axelrod, supra*, at 180 [citations omitted]).

Supreme Court's determination that extraordinary circumstances exist in this case is not supported by the record. Any prejudice caused by the delay can be raised by petitioner during the course of the resumed hearing and reviewed, if necessary, on administrative appeal.

Mikoll, J. P., Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.